brIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 25-CR-1021-CJW |
| | ) | |
| vs. | ) | |
| | ) | |
| NICHOLE MARIE SCHMIDT, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>GOVERNMENT'S BRIEF IN SUPPORT OF ITS SENTENCING
MEMORANDUM</u>**

## I.     FACTS

### A. *The instant offense*

Defendant was involved in a large-scale drug trafficking offense, wherein she is responsible for over 9 million kilograms of converted drug weight, including 453.6 kilograms of ice methamphetamine.  (PSIR ¶ 26.)  As part of her role in the offense, defendant received pound quantities of ice methamphetamine from Anthony Goodman.  (PSIR ¶ 5.)  Defendant then distributed the methamphetamine to others, including Katie Kammerude.  (PSIR ¶ 6.)  Defendant knew the methamphetamine she provided to others would be redistributed.  (PSIR ¶ 6.)

In June 2024, law enforcement executed a search warrant at defendant's residence in Des Moines, Iowa.  (PSIR ¶ 11.)  During their search, law enforcement seized over 450 grams of pure methamphetamine, 18.47 grams of cocaine, 125.2 grams of marijuana, 49.88 grams of MDMA, and over $10,000 in United States currency.  (PSIR ¶ 11.)  Defendant intended to distribute all the controlled

1

substances to between 20 to 30 people all over the state of Iowa.  (PSIR ¶ 11.)  The cash was proceeds from drug sales.  (PSIR ¶ 11.)

In September 2024, defendant and co-defendant, Michael Schmidt, travelled to Davenport, Iowa, and rented a car for co-defendant Justin Smith.  (PSIR ¶ 19.)  Smith then drove to Chicago and obtained drugs and a gun from Goodman for defendant and Schmidt.  (PSIR ¶ 19.)  Smith then drove back to Davenport, where he met up with defendant and Schmidt, who took possession of the drugs and firearm.  (PSIR ¶ 20.)  Defendant and Schmidt were subsequently stopped by law enforcement, who searched the vehicle and seized 5,630.31 grams of ice methamphetamine, 12.59 grams of MDMA, 25.04 grams of cocaine, 68.87 grams of marijuana, and a Ruger LCP, .380 auto caliber pistol.  (PSIR ¶¶ 20-21.)  Defendant intended to distribute the drugs to others.

### B. Criminal history

Defendant has 11 criminal points, which establishes a criminal history category of IV.  (PSIR ¶ 52.)  She received her first adult criminal conviction at the age of 17, and her criminal conduct has spanned much of her adult life.  (PSIR ¶ 37.)  Defendant's criminal history includes, but is not limited to, convictions for battery, theft, possession of precursor with intent to manufacture a controlled substance, harassment of public officer, and forgery.  (PSIR ¶¶ 37-50.)

Additionally, in 2004, defendant was convicted of conspiracy to manufacture methamphetamine in the United States District Court for the Southern District of Iowa.  (PSIR ¶ 46.)  She violated the terms of her supervised release on multiple

occasions, and it was revoked on three separate occasions. (PSIR ¶ 46.) Defendant

was only just discharged from supervised release in April of 2023. (PSIR ¶ 46.)

## II. ARGUMENT

### A. *The Court should impose the standard condition of supervised release outlined in paragraph 143 of the PSIR*

Defendant objects to the imposition of the standard condition outlined in

paragraph 143 of the PSIR. (Docket 22.) The condition is as follows:

> If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

(PSIR ¶ 143.) Defendant argues the condition is "unnecessary and not based on the

allegations of the case or Defendant's background." (Docket 22.)

The Court has broad discretion in imposing conditions of supervised release.

*United States v. Moore*, 860 F.3d 1076, 1078 (8th Cir. 2017). As the Eighth Circuit

noted:

> Under § 3583(d), special conditions "must be reasonably related to four factors: the nature and circumstances of the offense and the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, the need to protect the public from future crimes of the defendant, and the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *United States v. Harris*, 794 F.3d 885, 888–89 (8th Cir. 2015) (internal quotation marks omitted). "The special condition need not be related to all four factors; instead, the factors are weighed independently." *Hart*, 829 F.3d at 609. Additionally, a special condition can "involve[ ] no greater deprivation of liberty than is reasonably

necessary," and must be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(2)–(3).

*Id.* A supervised release condition will be upheld where the basis for the special condition can be discerned from the record. *United States v. Thompson*, 888 F.3d 347, 351 (8th Cir. 2018).

As the United States Probation Office points out, this is a standard condition that *may* require defendant to notify a person *if* the probation office determines that defendant poses a risk to that person (including an organization). (PSIR ¶ 143.) The condition notes that a probation officer *may* reach out to the person at risk to confirm defendant notified the person about the risk. (PSIR ¶ 143.) The condition is imposed on a case-by-case basis and "in the event that circumstances which pose a safety concern to a third-party arise while defendant is under supervision." (PSIR ¶ 143.)

Based on defendant's lengthy criminal history, involvement in the instant offense, which involved a large-scale drug trafficking offense and a firearm, a standard condition that *may* require notification to someone that defendant *may* pose a risk too, is reasonable and appropriate.

## III.    CONCLUSION

The Court should overrule defendant's objection and impose the standard condition.

Respectfully submitted,

LEIF OLSON

4

United States Attorney

By: *s/Ashley L. Corkery*

ASHLEY L. CORKERY
Assistant United States Attorney
111 7th Avenue, SE Box 1
Cedar Rapids, IA 52401
(319) 363-6333
(319) 363-1990 - fax
Ashley.corkery@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2026 I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: /s/ ALC