UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 25-cr-01021 |
| | ) | |
| vs. | ) | **DEFENDANT'S SENTENCING** |
| | ) | **MEMORANDUM AND MOTION FOR** |
| | ) | **DOWNWARD VARIANCE** |
| NICHOLE MARIE SCHMIDT, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Defendant Nichole Marie Schmidt, by and through her attorneys, Andrea D. Jaeger of Keegan, Tindal & Jaeger, and for her Sentencing Memorandum addressing the factors to be considered in imposing Defendant's sentence under 18 U.S.C. § 3553(a), states as follows:

## A. WITNESSES AND EXHIBITS

1.      Defendant does not anticipate witnesses.

2.      Defendant will submit documentary exhibits.

## B. OBJECTIONS TO THE PSR AND GUIDELINES ISSUES

3.      Defendant objects to the recommended condition at Paragraph 143.  Defendant asserts the proposed condition is unnecessary and not based in the allegations of the case or Defendant's background.  Moreover, Defendant questions the propriety of a requirement she personally inform someone she is a threat of harm to them, particularly as drug crimes are victimless crimes.  The mere fact the condition is permissive instead of mandatory, and may never even be invoked for this case or this defendant, is of limited import other than to highlight the condition as unnecessary and the failure to meet statutory requirements to impose conditions.

4.      District courts have wide discretion in the imposition of conditions of supervised release but must meet statutory requirements.  *U.S. v. Scanlan*, 65 F.4th 406, 410 (8th Cir. 2023)

(citations omitted). "'When crafting a special condition of supervised release, the district court must make an individualized inquiry into the facts and circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements.'" *Id.* (quoting *U.S. v. Walters*, 643 F.3d 1077, 1079 (8th Cir. 2011)); *accord, e.g.*, *U.S. v. Sanchez*, 44 F.4th 1100, 1103 (8th Cir. 2022).

5.      To meet statutory requirements, three steps of analysis must be satisfied. *U.S. v. Smith*, 145 F.4th 862, 874 (8th Cir. 2025). First, conditions of supervised release must be reasonably related to: 1) the nature and circumstances of the offense; 2) the defendant's history and characteristics; 3) the deterrence of criminal conduct; 4) the protection of the public from further crimes of the defendant; and 5) the defendant's educational, vocational, medicinal, or other correctional needs. *U.S. v. Muhlenbruch*, 682 F.3d 1096, 1102 (8th Cir. 2012); *accord Smith*, 145 F.4th at 874. Second, conditions "'must involve[ ] no greater deprivation of liberty than is reasonably necessary to advance deterrence, the protection of the public from future crimes of the defendant, and the defendant's correctional needs.'" *Smith*, 145 F.4th at 874 (quoting *U.S. v. Crume*, 422 F.3d 728, 732 (8th Cir. 2005)). Third, "'conditions must be consistent with any pertinent policy statements issued by the sentencing commission.'" *Id.* (quoting *Crume*, 422 F.3d at 732)).

6.      Here, after consideration of these factors, the proposed condition should not be imposed. The nature and circumstances of the offense do not indicate Defendant is a threat, and there are no allegations indicating Defendant engaged in acts of violence or other such threatening behavior. Rather, Defendant was accused of being involved in a drug distribution scheme. Although Defendant possessed a firearm, located under the seat of her vehicle, Defendant is not said to have utilized or brandished the firearm at any time. PSR ¶ 21. Defendant, then, poses no

specific or particularized risk of danger to anyone, beyond that reflected by all persons involved in the drug world and only in the most generic sense of "drugs are bad" and "drugs are dangerous" or the general nature of firearms as dangerous. Generic conditions applicable to all defendants or even all defendants within a specific area or type of case (e.g., all drug defendants), fail to meet statutory requirements for an individualized inquiry. *U.S. v. Mays*, 993 F.3d 607, 621 (8th Cir. 2021) (a court may not impose a special condition on all those found guilty of a particular offense (quoting *U.S. v. Davis*, 452 F.3d 991, 995 (8th Cir. 2006)).

7. Additionally, Defendant's personal background and circumstances do not reflect a need for such condition. Defendant's criminal history reflects sparse evidence of prior convictions which include violence or threats of violence, and those that exist are stale and under unusual circumstances. *See* PSR ¶¶ 37, 41 (1999 conviction at age 17 for battery for punching another girl in the face; 2000 conviction for rude or disorderly conduct). Nor do Defendant's other personal circumstances outlined in the PSR indicate violence or dangerousness sufficient to warrant the proposed condition.

8. The proposed condition will not effectuate a goal of deterrence of criminal conduct; indeed, there is nothing to indicate requiring Defendant to notify others, if the US Probation Office so instructs, she may be a threat to them will have any deterrent effect (either general or specific). Nor does the proposed condition effectuate a goal to protect the public from further crimes of the defendant. As noted, Defendant is alleged to have acted in a drug conspiracy; the public could only be "protected" from Defendant's alleged crimes (of the same nature), then, with a general caution "drugs are bad." Such fails to meet the intended purpose, and suggests a generalized, rather than particularized, condition. Lastly, instructing Defendant to inform others she may be a

threat to them does nothing to advance defendant's educational, vocational, medicinal, or other correctional needs.

9.      While the proposed condition may, admittedly, pose a modest deprivation of liberty, it is a deprivation of liberty nonetheless.  More importantly, it is a deprivation of liberty which appears entirely devoid of relationship to either Defendant's personal circumstances or the circumstances of the offense of conviction.  While the Eighth Circuit has said this or a similar condition is not unconstitutionally vague, *U.S. v. Robertson*, 948 F.3d 912, 920 (8th Cir. 2020), other circuits have, *see, e.g.*, *U.S. v. Evans*, 883 F.3d 1154, 1163–64 (9th Cir. 2018); *U.S. v. Thompson*, 777 F.3d 368, 379 (7th Cir. 2015).  Further, the *Robertson* case presented a defendant who was convicted of assault with a dangerous weapon, assault resulting in serious bodily injury, and discharge of a firearm during the commission of a crime of violence following a shooting at multiple people, one of whom was struck.  *Robertson*, 948 F.3d at 915.  This is not such a case. Rather, this case is closer to the description of concern for generalized "dangerousness" cautions, as described in *Evans*, *Thompson*, and *Hill*:

> Standard Condition 13 requires Evans, "[a]s directed by the probation officer," to "notify third parties of risks that may be occasioned by [his] criminal record or personal history or characteristics...." Evans argues that, as the Seventh Circuit has held, "[t]here is no indication of what is meant by 'personal history' and 'characteristics' or what 'risks' must be disclosed to which 'third parties.' " *United States v. Thompson*, 777 F.3d 368, 379 (7th Cir. 2015); *see also United States v. Hill*, 818 F.3d 342, 345 (7th Cir. 2016) ("Hopelessly vague is the further condition ... that the defendant 'shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics.' Does this mean that if he happens to be standing next to a six-year-old girl at a soda fountain he has to warn her that he has been convicted of receipt of child pornography? Does he have to explain to her what child pornography *is*?"). Evans has several convictions for being a felon in possession of a firearm; must he disclose that there is a risk he may have a gun? To whom must he make this disclosure? Only to social acquaintances, or also to coworkers? If he goes to a bank in order to open a savings account and meets with a bank employee, must he disclose that he might have a gun? He has no way of knowing.

The government argues that this condition does not leave Evans guessing because it "requires consultation with the probation officer." But "[a] vague supervised release condition 'cannot be cured by allowing the probation officer an unfettered power of interpretation, as this would create one of the very problems against which the vagueness doctrine is meant to protect, i.e., the delegation of "basic policy matters to policemen for resolution on an ad hoc and subjective basis." ' " *Soltero*, 510 F.3d at 867 n.10 (alteration omitted) (*quoting Loy*, 237 F.3d at 266). The language of the condition must provide some determinate guidance to Evans's probation officer, as well as to Evans.

"A probationer must be put on clear notice of what conduct will (and will not) constitute a supervised release violation." *Id*. Indeed, the Sentencing Commission recognized as much when it amended the applicable guideline to remove the ambiguous phrase "personal history or characteristics" and to clarify that a probation officer may only require a defendant to notify specific persons of specific risks that the defendant poses to those persons. *See* U.S. Sentencing Guidelines Manual § 5D1.3(c)(12) ("If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction."). Accordingly, we remand for the district court to modify Standard Condition 13 in accordance with this opinion.

*Evans*, 883 F.3d at 1163–64. Under the facts of this case, the requested condition is impermissibly vague.

10. In 2016, Guideline § 5D1.3 was amended from "(13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;" to "(12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk." Amendment 803, effective Nov. 1, 2016, available at https://www.ussc.gov/guidelines/amendment/803,

11.     It is unclear on what bases the probation officer would determine risk in Defendant's case.  Like the concern in *Hill*, *supra*, does Defendant have to inform all persons of her conviction for drug offenses?  If it is a child, should she explain drugs, or fentanyl and methamphetamine specifically?  How does the probation office determine Defendant, with a drug conviction, pose a specific, articulable, identifiable risk, presumably due to drugs, to this person but not that person?  Although *Robertson* determined "risk" was not impermissibly vague, as noted, *Robertson* was a shooting case where an individual was shot.  This is a drug conspiracy case, with Defendant's alleged conduct being the same generalized conduct of any other drug distributor.  Under these circumstances, how does either the probation officer or Defendant determine what is the risk, who is at risk, and when should a caution be warranted?  Moreover, if the probation officer determines there is an actual risk of violence, and not a generalized risk from drugs, for instance, what is the propriety of having the person who is the purported source of the harm make further contact with the person who is the purported target of the harm?  What if there is a no contact order in place?  Does Defendant risk the state criminal charge and penalty for violation of a no contact order or the penalty for violation of a term of federal supervised release?  In case like the one at bar, the proposed condition is impermissibly vague and unwarranted by the specific facts and circumstances of the case, of defendant, and the goals of sentencing.

12.     The fact the condition is permissive, which may or may not be ever invoked by the probation office, highlights the impermissibly general nature of the condition, not sufficiently or specifically particularized to Defendant's needs or the needs of this case.

### C.  DEFENDANT'S CHARACTERISTICS AND "NEEDS" OF THE SENTENCE IMPOSED

13.     Defendant respectfully suggests lengthy incarceration is not necessary to promote respect for the law, to afford adequate deterrence, or to protect the public.  18 U.S.C. §

3553(a)(2)(A)–(C). Defendant has accepted responsibility in this matter, illustrating Defendant's genuine remorse for her conduct, her amenability to rehabilitation, her acceptance of the consequences of her behavior, and her willingness to avoid the expense of trial despite her constitutional right to do so. The sentencing goal of specific deterrence is met: Defendant's current and anticipated incarceration are sufficient to deter her conduct. General deterrence, too, is met, as other members of the public can observe the consequences of federal charging, conviction, and sentencing. Further lengthy incarceration is not necessary to promote these goals of sentencing. Rehabilitation is likely and should be a primary goal in determining an appropriate disposition. 18 U.S.C. § 3553(a)(2)(B)–(C).

### D. CONCLUSION

WHEREFORE Defendant respectfully requests she be sentenced in accordance with the foregoing.

Respectfully submitted,

*/s/ Andrea D. Jaeger*
Andrea D. Jaeger
Keegan, Tindal & Jaeger
2322 E. Kimberly Rd., Ste. 140S
Davenport, IA 52807
Telephone: (319) 887-6900/563-355-6060
Facsimile: (319) 688-2754/563-355-6666
Email: andrea@keeganlegal.com

**ATTORNEYS FOR DEFENDANT**

### Certificate of Service

The undersigned certifies that the foregoing instrument was electronically filed on January 24, 2026, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to the above cause and to each of the attorneys of record herein at their respective addresses disclosed on the pleadings.

*/s/ Andrea D. Jaeger*